# RIDER TO SOFA 4B

## PROPERTY SUBJECT TO ATTACHMENT OR GARNISHMENT

-----------------------------------

**THE PROPERTY LISTED ON THE FOLLOWING ORDERS AND CITATION WERE GARNISHED AND/OR ATTACHED WITHIN ONE YEAR OF THE FILING OF THE CHAPTER 11 CASE.**

**IN THE CIRCUIT COURT FOR THE
12TH JUDICIAL CIRCUIT, WILL COUNTY, ILLINOIS
CHANCERY DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national banking association, as successor-in-interest to the Federal Deposit Insurance Corporation in its capacity as Receiver for Park National Bank, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 13-CH-00212 |
| MICHAEL H. ROSE; MHR ESTATE PLAN LLC, a Delaware limited liability company; MHR 2012, LLC, a Delaware limited liability company; CAROL L. ROSE, as trustee of the Carol L. Rose Trust; DIANE MENZA, as the manager of MHR Estate Plan LLC and MHR 2012 LLC; and JOSEPH T. BOCHENSKI, as trustee of the Daniel A. Rose Trust, Michael A. Rose Trust, and Carol L. Rose Trust, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## <u>AGREED ORDER</u>

This matter coming to be heard by agreement of the parties executing this Agreed Order and the Court being duly advised in the premises:

IT IS HEREBY ORDERED that:

1.      The Court's March 24, 2014 Order of Prejudgment Attachment and Summons attached hereto as Exhibit 1 (the "Attachment Order") is hereby modified *instanter* by and in accordance with paragraphs 2 and 3 herein.

2.      The Attachment Order is deemed entered as of April 15, 2014, and all "transfers" (as that term is defined by 11 U.S.C. § 101(54) and/or used in chapter 5 of the Bankruptcy Code,

11 U.S.C. 101, *et seq.*)) effectuated, implemented or created pursuant to the Attachment Order shall be conclusively deemed to have first occurred on April 15, 2014.

3.      This Agreed Order does not release Michael H. Rose from his obligations under the Attachment Order from the date Rose was served with the Attachment Order to April 15, 2014, nor does it release any third party served with a Garnishment Summons and Interrogatories ("Garnishment") in connection with the Attachment Order from its obligations under such Garnishment from the date of service of such Garnishment to April 15, 2014.

ENTER:

_____06 -18_____, 2014

_____Thomas L Thavas_____
JUDGE                                                JUDGE NO.

AGREED TO IN FORM AND SUBSTANCE:

By: _____                    By: _____
Counsel for Plaintiff                                   Counsel for Defendants

William J. Dorsey                                     Michael A. Weinberg
Paul T. Musser                                        John Haarlow, Jr.
KATTEN MUCHIN ROSENMAN LLP                            Alexander L. Berg
525 West Monroe Street                                Novack and Macey LLP
Chicago, Illinois 60661-3693                          100 North Riverside Plaza
                                                      Chicago, IL  60606
                                                      (312) 419-6900

                                                      Stephen D. White
                                                      Rathbun, Cservenyak & Kozol LLC
                                                      3260 Executive Drive
                                                      Joliet, Illinois  60431
                                                      (815) 730-1977

# EXHIBIT 1

IN THE CIRCUIT COURT FOR THE
12TH JUDICIAL CIRCUIT, WILL COUNTY, ILLINOIS
CHANCERY DIVISION

U.S. BANK NATIONAL ASSOCIATION, )
a national banking association, as )
successor-in-interest to the Federal Deposit )
Insurance Corporation in its capacity as )     CASE NO.: 13-CH-00212
Receiver for Park National Bank, )
 )     Amount Claimed: $10,693,736.09+
 )
     Plaintiff, )
 )
vs. )
 )
MICHAEL H. ROSE; MHR ESTATE )
PLAN LLC, a Delaware limited liability )     Sheriff To Serve:
company; MHR 2012, LLC, a Delaware )
limited liability company; CAROL L. )
ROSE, as beneficiary of the MHR Family )     Michael H. Rose
Estate Trust, a Cook Islands Asset )          1034 Catalpa Court
Protection Trust and beneficiary of the )     Frankfort, IL 60423
Carol L. Rose Trust; DIANE MENZA, as )
the nominal manager of MHR Estate Plan )     Sheriff or Process Server to Serve:
LLC and MHR 2012 LLC; JOSEPH T. )
BOCHENSKI, as trustee of the Daniel A. )     Garnishees
Rose Trust, Michael A. Rose Trust, and )     Identified on Schedule B to this Order
Carol L. Rose Trust; DANIEL A. ROSE, as )
beneficiary of the Daniel A. Rose Trust; )
and MICHAEL A. ROSE, as beneficiary of )
the Michael A. Rose Trust; LFI )
ENDOWMENT, LLC, a Delaware limited )
liability company, )
 )
     Defendants. )
 )
 )

## ORDER OF PREJUDGMENT ATTACHMENT AND SUMMONS

This cause coming to be heard on Plaintiff's Motion for Prejudgment Attachment of the

Assets of Defendants MHR Estate Plan LLC ("MHR Estate Plan") and Michael H. Rose

("Rose") (the "Motion") filed by plaintiff U.S. Bank National Association ("Plaintiff" or "U.S.

Bank"), collectively with MHR Estate Plan and Rose, the "Parties"), the Court being advised on

the premises, and good cause being shown, the Court hereby FINDS:

1.      Due notice of the Motion was provided to defendants.

2.      In support of its Motion, Plaintiff has submitted affidavits based on the personal

knowledge of the affiants alleging: (1) the amount of the claim against Rose, as far as *(TAT)*

$10,693,736.09;

practicable, which, after allowing all just credits and setoffs, exceeds ~~$52,000,000.00~~; (2) facts

establishing cause under 735 ILCS 5/4-101(9) on the grounds that Rose fraudulently contracted

for his debt to U.S. Bank; (3) the place of residence of Rose; and (4) facts establishing a cause of

action against Rose. The Motion suffices as a statement that the action invoked by the affidavit

To the extent stated in the Opinion of the Appellate Court of Illinois for the Third District

does not sound in tort; and the requirements of 735 ILCS 5/4-104 are otherwise satisfied. U.S. *filed February*

on certain                                    *5, 2014,*

Bank has also established a probability of success on the merits of its claims.                  *(TAT)*

3.      This Court has already entered a judgment on the merits against Rose, finding that

Rose owed U.S. Bank, and U.S. Bank suffered damages, in the amount of $10,693,736.09 as of

September 25, 2013.  For purposes of this Motion, U.S. Bank swears at least this amount, plus

interest, is still due and owing.

4.      There is cause for a  prejudgment attachment order under 735 ILCS 5/4-101 and a

prejudgment attachment order is warranted.

**Accordingly, the Court being fully advised in the premises, IT IS HEREBY**

**ORDERED AS FOLLOWS:** *to the extent set forth in this Order and ~~except~~ as set forth in*

*the Court's Order dated 03-19-14,*

1.      The Motion is GRANTED as to Rose.                              *(TAT)*

2.      The Sheriff of Will County, Illinois (the "Sheriff") shall serve a certified copy of

this Order of Prejudgment Attachment and Summons (the "Attachment Order") on Rose at 1034

Catalpa Court, Frankfort, IL 60423-2126 (the "Catalpa Property") in like manner as provided for service of summons in other civil cases pursuant to 735 ILCS 5/4-114.

3.  SERVICE UPON ROSE SHALL BE MADE AS SOON AS POSSIBLE AFTER ENTRY OF THIS ATTACHMENT ORDER UPON THE PROPERTY DESCRIBED HEREIN, BUT IN NO EVENT LATER THAN FIVE DAYS THEREAFTER.

4.  The Sheriff shall attach ~~so much of the estate, real or personal, of Rose~~ *the assets and property identified on Schedule A of Rose*  as may be found in Will County, Illinois, as shall be of value sufficient to satisfy the debt and costs to Plaintiff in the amount of $10,693,736.00. ~~which includes, without limitation, the assets and property identified on Schedule A (collectively, the "Property") and such estate attached in the Sheriff's possession to secure, or to provide that the same may be liable to further proceedings according to law.~~ 

5.  With regard to ~~any~~ *the* Rose personal property *identified in Schedule A* ~~to be attached, including without limitation any Rose-owned vehicles, cash, jewelry, or other valuables~~ that the Sheriff may find located at the Catalpa Property, 9440 Enterprise Drive, Mokena, IL 60448-8321 (Rose's principal place of business), or otherwise, the Sheriff shall levy it and hold it until further order of the Court. With regard to the Real Property listed in Schedule A, pursuant to 735 ILCS 5/4-113, the Sheriff shall levy upon said real property by filing a certificate of such fact with the Recorder of Will County. Plaintiff shall provide a form of Certificate of Levy to the Sheriff within two (2) days of the entry of this Order. With respect to the Promissory Notes listed in Schedule A, the Sheriff shall levy upon them by obtaining the original copy of said promissory notes, which Michael H. Rose is hereby ordered to make available to the Sheriff upon service of

3

this Order or, if not his possession at the time of service, within three (3) days of service of this Order.

6.      Concurrently herewith, the Clerk of the Circuit Court of Will County (the "Clerk") shall issue a series of garnishments (the "Garnishment Summons") summoning the individuals and entities listed on **Schedule B** as garnishees (each a "Garnishee" and collectively, the "Garnishees"), and requiring them to file with the Clerk and to serve upon Plaintiff by no later than 12:00 p.m. on Monday, April 14, 2014, or before that time, their answers in writing to the interrogatories identified.  The form of Garnishment Summons and Interrogatories to be issued is attached hereto as **Exhibit A**.

7.      Pursuant to 735 ILCS 5/4-127, upon service of the summons, the Garnishees shall hold any property, effects, choses in action or credits in their possession or power belonging to Rose that are not exempt and shall not pay to Rose any indebtedness owed to him, and such property, effects, choses in action, credits and debts shall be considered to have been attached and Plaintiff's claim to have become a lien thereon.

8.      Pursuant to 735 ILCS 5/4-127, any person authorized to serve summons shall, in like manner as summons are served in ordinary civil cases, summon, wherever the Garnishees may be found in the State of Illinois, the Garnishees.  The return shall state the names of all persons so summoned, and the date of such service on each.

~~9.    Any failure or refusal to comply with this Order shall constitute contempt of Court.~~

9. Nothing in this Order shall preclude Plaintiff from seeking reduction of the bond to twice the amount of the attached

~~10.   There is no just reason for delay in the enforcement and entry of this Order.~~

assets. In the event Plaintiff seeks to attach additional assets, and to the extent the bond has already been reduced to twice the value of previously attached assets, Plaintiff will post an additional or supplemental bond in accordance with Section 115(c).     4

Dated this 24th day of March, 2014
at  4:26  p.m.

**ENTERED:**

*Thomas A. Thanes*

Judge Thomas A. Thanes

*Prepared by:*
William J. Dorsey (ARDC 6271181)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
(312) 902-5200 (Telephone)
Attorney for Plaintiff U.S. Bank, N.A.

5

## SCHEDULE A

### ROSE PROPERTY TO BE ATTACHED INCLUDES, WITHOUT LIMITATION, THE FOLLOWING ASSETS

REAL PROPERTY

    a.    1034 Catalpa Court, Frankfort, IL 60423-2126

    b.    9440 Enterprise Drive, Mokena, IL 60448-8321

VEHICLES

    a.    Vehicle: White 2011 Honda Pilot (VIN: 5FNYF4H40BB023153);

    b.    Vehicle: 2003 BMW 745LI (VIN: WBAGN63463DR13440);

BANK ACCOUNTS

    c.    Any and all accounts held by Michael H. Rose at Bank of America, 1550 West Jefferson St., Joliet, IL 60435;

    d.    Any and all accounts held by Michael H. Rose at First Midwest Bank, 19648 S. LaGrange Road, Mokena, IL 60448;

NOTES

    e.    That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $1,828,820 that matures on April 15, 2024;

    f.    That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $400,000 that matures on October 12, 2024;

    g.    That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $1,113,688 that matures on October 12, 2024;

    h.    That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $783,463 that matures on October 12, 2024

    i.    That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $710,710 that matures on October 12, 2024;

    j.    That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $423,310 that matures on October 12, 2024;

    k.    That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $687,642 that matures on October 12, 2024;

    l.    That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $721,525 that matures on October 12, 2024;

    m.    That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $1,648,238 that matures on October 12, 2024;

n.   That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $147,870 that matures on December 30, 2024;

o.   That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $507,106 that matures on July 1, 2025;

p.   That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $511,417 that matures on July 1, 2025;

q.   That certain Term Promissory Note from MHR Estate Plan LLC to Rose in the original principal sum of $534,825 that matures on September 1, 2027;

## SCHEDULE B
### LIST OF ADDITIONAL GARNISHEES

1. Carol L. Rose
2. Diane Menza
3. Joseph T. Bochenski
4. Daniel A. Rose
5. Michael A. Rose
6. MHR Estate Plan, LLC
7. MHR 2012 LLC
8. 17th Avenue Broadview LLC
9. MAG Real Estate LLC
10. LFI Endowment LLC
11. LFI Finance LLC
12. BR Mezzanine LLC
13. Gateway Homes L.L.C. d/b/a Gateway Homes II, an Illinois limited liability company
14. Gateway Homes II, Phase III, L.L.C. d/b/a Gateway III, an Illinois limited liability company
15. K & G Partnership, an Illinois general partnership
16. SWC Plainfield LLC
17. Milwaukee & Woodbine LLC
18. Olympia Fields 3780 LLC
19. Dolton Sibley Woodlawn LLC
20. MAG Real Estate LLC
21. CLR Holdings LLC
22. Waters-Rose 3767 Sauk Trail Partnership
23. Archer & Menard LLC
24. Douglas 34 LLC
25. MTS 1 LLC
26. LFI PPM 2010 LLC
27. Crestwood Commons L.L.C.
28. Bertray LLC
29. Bailly Ridge 431, LLC
30. Orchard & Mill LLC
31. CLR Management LLC
32. Evergreen Bank Group
33. First United Bank
34. Great Lakes Bank
35. Homestar Bank
36. Providence Bank
37. Schaumburg Bank and Trust
38. First Merit Bank
39. A.J. Smith Federal Savings Bank
40. Bank of America

8

41.   Centier Bank
42.   Fifth Third Bank
43.   Harris N.A.
44.   First Midwest Bank
45.   United Trust Bank
46.   TCF National Bank
47.   Burr Ridge Bank
48.   Charter One Bank
49.   Citizens Financial Bank
50.   Novack and Macey LLP
51.   Rathbun, Cservenak & Kozol, LLC

Exhibit A

FORM OF GARNISHMENT SUMMONS, AND INTERROGATORIES

STATE OF ILLINOIS
IN THE CIRCUIT COURT FOR THE
12TH JUDICIAL CIRCUIT, WILL COUNTY, ILLINOIS
CHANCERY DIVISION

U.S. BANK NATIONAL ASSOCIATION,　　　　)
a national banking association, as successor-in-　)
interest to the Federal Deposit Insurance　　　　)
Corporation in its capacity as Receiver for Park　)
National Bank,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)  CASE NO.: 13-CH-00212
　　　　v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)  RETURN DATE: April 16, 2014
MICHAEL H. ROSE; MHR ESTATE PLAN　　　)
LLC, a Delaware limited liability company;　　　)  TIME & LOCATION:
PLAINFIELD RETAIL LAND LLC, an　　　　　)  9:00 a.m.;
Illinois limited liability company; CAROL L.　　)  57 N. Ottawa, Illinois 60432, with a copy
ROSE, DIANE MENZA; UNKNOWN　　　　　)  to: Katten Muchin Rosenman
OWNERS; and NONRECORD CLAIMANTS,　　)  Attention: William Dorsey
　　　　　　　　　　　　　　　　　　　　　)  525 W. Monroe Street
　　　　　Defendants.　　　　　　　　　　　)  Chicago, IL 60661
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)

Defendant/Attachee:
Michael H. Rose
1034 Catalpa Court
Frankfort, IL 60423-2126

_____

Garnishee:

_____

GARNISHMENT SUMMONS AND INTERROGATORIES

TO THE GARNISHEE:

YOU ARE SUMMONED and required to:

(a)   IN ACCORDANCE WITH 735 ILCS § 5/4-126, HOLD ANY PROPERTY, EFFECTS, CHOSES IN ACTION OR CREDITS IN YOUR POSSESSION OR POWER BELONGING TO THE DEFENDANT/ATTACHEE MICHAEL H. ROSE, WHICH ARE NOT EXEMPT [AS DEFINED BELOW], IN AN AMOUNT NOT TO EXCEED $10,693,736.09 AND SHALL NOT PAY TO THE DEFENDANT ANY INDEBTEDNESS OWED TO HIM UNTIL FURTHER ORDER OF THE COURT.

> "Exempt": Under Illinois or federal law, the exemption of personal property owned by the debtor include the debtor's equity interest not to exceed $2,000.00 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veterans benefits; circuit break property tax relief benefits; the debtor's equity interest not to exceed $1,200.00 in value in any one motor vehicle and the debtor's equity interest, not to exceed $750.00 in value, in any implements, professional books or tools of the trade of the debtor.

(b)   File answers to the below interrogatories under oath in the office of PAMELA J. McGUIRE, Clerk of the Twelfth Judicial Circuit Court at the Will County Courthouse, 57 N.. Ottawa Street, Joliet, Illinois 60432 on or before April 14, 2014, with a copy to William J. Dorsey, Katten Muchin Rosenman, 525 West Monroe St., Chicago, IL 60661-3693. However, if this summons is served to you less than 10 days before that date, you must file answers to the interrogatories on or before 14 days after that date. IF YOU FAIL TO DO SO, YOU MAY BE HELD IN CONTEMPT OF COURT.

## ANSWER TO INTERROGATORIES BY GARNISHEE

1.   When you were served with summons did you have in your possession, custody or control any property belonging to Michael H. Rose or in which he/she has an interest?

ANSWER _____

2.   If your answer is yes, describe property:

_____

_____

_____

_____

3.   When you were served with summons were you otherwise indebted to Michael H. Rose, no matter when payable?

ANSWER _____

4. If your answer is yes, state:

Description _____

Amount:$_____  Date Due _____


Garnishee, _____, the undersigned certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 that the statements set forth in this answer to interrogatories as true and correct. I further state that a copy of this answer to interrogatories by Garnishee has been sent by first class mail to the Judgment Creditor or his/her attorney and to the Judgment Debtor at the address specific in the affidavit or any other address or location of the Judgment Debtor known to the Garnishee.

Signed and sworn to before me

_____, 20 _____    _____

_____
    (Notary Public)


TO THE OFFICER: This summons must be returned by the officer or other person to whom it was given service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than the above return date. You are further commanded that within (2) two business days of service upon the garnishee that you shall mail a copy of the garnishment notice and summons to the debtor by first class mail at the debtor's address indicated in the garnishment notice. Further you are directed that within (4) four business days of service upon the garnishee that you shall file with the Clerk of the Circuit Court a certificate of mailing.


                        WITNESS _____, 2014

(Seal of Court)

                        _____
                            (Clerk of the Circuit Court)

Attorney for Plaintiff U.S. Bank N.A.
William J. Dorsey
ARDC # 6271181
Firm Name:  Katten Muchin Rosenman LLP
Attorney for Plaintiff
Address:  525 West Monroe St.
City & Zip:  Chicago, IL 60661-3693
Telephone:  312-902-5200

Date of Service _____, 20 _____
(To be inserted by Officer on copy left with defendant or other person.)

100258478

## IN THE CIRCUIT COURT FOR THE
## 12TH JUDICIAL CIRCUIT, WILL COUNTY, ILLINOIS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national banking association, as successor-in-interest to the Federal Deposit Insurance Corporation in its capacity as Receiver for Park National Bank, ) ) ) ) ) ) | |
| Plaintiff, ) ) | CASE NO.: 13-CH-00212 |
| vs. ) ) ) | |
| MICHAEL H. ROSE; MHR ESTATE PLAN LLC, a Delaware limited liability company, PLAINFIELD RETAIL LAND LLC, an Illinois limited liability company; MHR 2012, LLC, a Delaware limited liability company; CAROL L. ROSE, as beneficiary of the MHR Family Estate Trust, a Cook Islands Asset Protection Trust and beneficiary of the Carol L. Rose Trust; DIANE MENZA, as the nominal manager of MHR Estate Plan LLC and MHR 2012 LLC; JOSEPH T. BOCHENSKI, as trustee of the Daniel A. Rose Trust, Michael A. Rose Trust, and Carol L. Rose Trust; DANIEL A. ROSE, as beneficiary of the Daniel A. Rose Trust; and MICHAEL A. ROSE, as beneficiary of the Michael A. Rose Trust; LFI ENDOWMENT, LLC, a Delaware limited liability company, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Supplementary Proceeding<br><br>Judge Barrett<br><br>Room 111 |
| Defendants. ) ) ) | |

## AGREED ORDER REGARDING CITATION AGAINST MICHAEL H. ROSE

This matter coming before this Court on Judgment Creditor U.S. Bank National Association's ("U.S. Bank") Citation to Discover Assets (the "Citation") against Judgment Debtor Michael H. Rose ("Rose"); and U.S. Bank and Rose having agreed to this form of order regarding the Citation;

This Court hereby FINDS that:

1.      Rose was served with the Citation as of May 9, 2014.

2.      Counsel for Rose appeared at the Citation hearing on May 19, 2014 (the "Hearing").

And it is HEREBY ORDERED that:

1.      The Hearing is continued until June 4, 2014.

2.      Rose will appear for an examination under oath to discover assets or income regarding the Citation on or before June 20, 2014 at the offices of Katten Muchin Rosenman LLP, 525 W. Monroe Street Suite 1900, Chicago, IL 60661 (the "Citation Exam").

3.      Rose will produce all documents requested by U.S. Bank related to the Citation at least one (1) week prior to the Citation Exam.

ENTERED:

_____
Judge

Date: _____, 2014

STATE OF ILLINOIS )
)SS
COUNTY OF WILL  )

**FILED**

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

14 APR 15 PM 4: 01

U.S. Bank National Association
**Plaintiff (Judgment Creditor)**
vs                                          CASE NO: _13-CH-00212_
CIRCUIT CLERK CIRCUIT COURT
WILL COUNTY COURT ANNEX

Michael H. Rose, et al.,
**Defendant (Judgment Debtor)**

### CITATION NOTICE

Address of Judgment Debtor: _____ 1034 Catalpa Court, Frankfort, IL 60423-2126 _____
(Insert last known address)

Name and address of Attorney for Judgment Creditor or Judgment Creditor (If no attorney is listed): _____
Paul T. Musser, Katten Muchin Rosenman LLP, 525 W. Monroe Street, Suite 1900, Chicago, IL 60661
(Insert name and address)

Amount of Judgment : $_____ 10,693,736.09 _____
(Insert amount)

Name of Person Receiving Citation: _____ Michael H. Rose _____
(Insert name)

Court Date : _MAY 19th 2014_ _____
(Insert return date specified in Citation)

Time and Location: **9:00 a.m. ; Will County Court House, 14 W. Jefferson Street, Joliet, Illinois 60432**

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000.00 in value, in any personal property chosen by the debtor, Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veterans benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400.00 in value, in any one motor vehicle, and the debtor's equity interest not to exceed $1,500.00 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person in entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000.00 which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage.

(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceeds 30 times the federal minimum hourly wage.

(5) Pensions and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying PAMELA J. McGUIRE, Clerk of the Circuit Court in writing at 14 W. Jefferson Street, Joliet, IL 60432. When so notified, the Clerk of the Court will obtain a prompt hearing date and provide forms that must be prepared by the Judgment Debtor or the attorney for the Judgment Debtor and sent to the Judgment Creditor and the Judgment Creditor's Attorney regarding the time and location of the hearing. This notice may be sent by first class mail.

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

21D (a) (Revised 11/11)

STATE OF ILLINOIS )
)SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

U.S. Bank National Association
_____
**Plaintiff**

vs

Michael H. Rose, et al.,
_____
**Defendant**

CASE NO: __13-CH-00212__

RETURN DATE: _____

## CITATION TO DISCOVER ASSETS

TO: Michael H. Rose
_____

**YOU ARE COMMANDED** to appear before Judge _BARRETT_ in Courtroom _III_ of the Will County Courthouse, 14 W. Jefferson Street, Joliet, Illinois on _MAY 19th_, 20 _14_ at _9:00_ a.m. to be examined under oath to discover assets or income not exempt from the enforcement of the judgment. A Judgment in favor of ___U.S. Bank National Association___ and against ___Michael H. Rose___ (Judgment Debtor) was entered on ___April 14___, 2014 and $ ___10,693,736.09___ remains unsatisfied.

**YOUR FAILURE TO APPEAR TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

**YOU ARE COMMANDED** to produce at the examination: _SEE ATTACHED RIDER_

and all books, papers or records in your possession or control, which may contain information concerning your property or income of, or indebtedness due judgment debtor.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any money not so exempt which are due or become due to the Judgment Debtor, until the further order of court or termination of the proceeding, whichever occurs first. The third party may not be obliged to withhold the payment of any moneys beyond double the amount of the balance due sought to be enforced by the Judgment Creditor.

### CERTIFICATE OF ATTORNEY OR JUDGMENT CREDITOR

Judgment Amount: $ ___10,693,736.09___   Balance Due: $ ___10,693,736.09___
Date of Judgment/Revival: ___April 14, 2014___   Case No. ___13-CH-00212___
Name of Court Entering Judgment: ___Circuit Court for the 12th Judicial Circuit, Will County, Illinois (Chancery Division)___
The undersigned certifies, under penalties provided by law pursuant to 735 ILCS 5/1-109, that the information contained herein is true and correct.

_____
(Signature of Attorney or Judgment Creditor)

APR 16 2014

WITNESS _____, 20 _____

_____
(Clerk of the Circuit Court)

(Seal of Court)

Attorney or Party, if not represented by Attorney
Name ___Paul T. Musser___
ARDC # ___6304946___
Firm Name ___Katten Muchin Rosenman LLP___
Attorney for ___Plaintiff (U.S. Bank, N.A.)___
Address ___525 W. Monroe Street, Suite 1900___
City & Zip ___Chicago, IL 60661___
Telephone ___312-902-5309___

Date of Service _5-9_, 20 _14_
(To be inserted by Officer on copy left with defendant or other person)

## PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY

21D (Revised 11/11)

## RIDER TO CITATION TO DISCOVER ASSETS

Any and all documents, whether printed, handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, magnetic, optical, electronic, or electrical means whatsoever, pertaining to, relating to and/or referring to *any and all real property, personal property, tangible property and intangible property in which you have or claim an ownership interest, or had or claimed an ownership interest in within the last five years,* whether individually, jointly, severally, beneficially, contingently or expectantly and *any and all real property, personal property, tangible property and intangible property owned by any trust, corporation, partnership, limited partnership, limited liability partnership, sub-chapter "S" corporation, joint venture, sole proprietorship or other such entity in which you have or claim an ownership interest, or in which he had or claimed an ownership interest in within the last five years,* whether individually, jointly, severally, beneficially, contingently or expectantly.

**PLEASE REVIEW THIS LIST CAREFULLY AND GATHER AND BRING ALL DOCUMENTS ON THE LIST.  YOUR FAILURE TO DO SO MAY RESULT IN AN ORDER FOR CONTEMPT OF COURT.**

These documents include, but are not limited to or by, the following and any and all documents pertaining to, referring to, relating to, evidencing and/or supporting the following:

1.    **Account Statements**

All records and documents reflecting and/or relating to any account in which you have any interest whatsoever and/or can or could withdraw funds or otherwise conduct business from January 1, 2007 to date , including without limitation checking, savings, certificate of deposit, money market, or investment account statements, deposit slips, withdrawal slips, cancelled checks, trade confirmation, check registers and wire transfer records.

2.    **Employment and Compensation**

All records and documents reflecting and/or relating to your current employment status, and any salary, income, distributions, profits, consulting fees, commissions or bonuses, rents, expectancies to receive interest income from savings, checking or other accounts and/or other such fees and/or compensation in any form and from any source whatsoever to which you are currently entitled and/or have received over the last 5 years, or expect to receive, including *without limitation* all state and federal tax returns (and schedules) filed by you and/or any business you own or control (including without limitation IRS forms 1065 and 5452, W-2 and/or W-4), employment agreements, partnership agreements, pay stubs, cancelled checks, records of distributions, and/or bank deposit records.

3.    **Personal Property**

1

All records and documents relating to and/or or reflecting any interest whatsoever that you have or had in any asset, tangible or intangible, including without limitation, any personal property you own or owned, in whole or in part, or with another or others, situated anywhere in the United States or any foreign country, tangible or intangible, including without limitation, jewelry, currency, automobiles, art works and collectibles, boats, furniture, commercial paper, claims, rights, inventory, machinery and equipment, fixtures, and entitlement or causes of action, including insurance Certificates or Schedules.

4.    **Real Estate**

All documents and records reflecting and/or relating to any interest whatsoever that you and/or any business under your control, either legally or beneficially, have or had in any real estate from January 1, 2007 to the present, including without limitation, any and all written opinions or appraisals reflecting values of such real property, and all documents and records reflecting or relating to income and expenses relating to any such real estate, including without limitation leases.

5.    **Securities**

All documents and records reflecting and/or relating to any securities registered in your name alone, in bearer form, if at any time in your possession, jointly or in common with another or others, in your name as trustee, custodian or other fiduciary for another or others, and/or in the name of any securities or brokerage firm for your account from January 1, 2007 through the present.

6.    **Transfer of Property**

All documents and records reflecting and/or relating to any transfers or conveyances, whether by sale, gift, assignment, pledge, or other, of funds, personal property, securities, real estate, accounts receivable, inventory, leases, intangible assets or assets of any kind by you to any third party, affiliate, or other entity or person, from January 1, 2007 to date.

7.    **Business Entities**

All documents and records reflecting and/or relating to any business entity in which you have or had an interest of any kind whatsoever, or had an interest of any kind whatsoever from January 1, 2007 through the present.

8.    **Financial Statements**

All financial statements created by you between January 1, 2007 and present, and all documents relating thereto, including, without limitation, financial statements submitted to any bank or lending institution or individual, and the names and addresses of any person,

2

firm or corporation from whom you or any business entity under your control sought credit during such period of time.

9.    **Expenses**

All documents and records reflecting and/or relating to *all* of your expenses (including federal and state Income Tax Returns, together with copies of all schedules and attachments made a part of the original thereof) and the source of payments for such expenses from January 1, 2007 through the present, including without limitation car loan payments, rent or mortgage payments, credit card statements, club dues, and tuition, etc.

10.    **Insurance**

All documents and records reflecting or relating to any insurance policies in which you have an interest as owner or beneficiary, or the insured, including without limitation, insurance certificates, schedules, appraisals of insured property and inventories of insured property submitted to the insurer.

11.    **Gifts**

All documents and records reflecting or relating to any loans and/or gifts received and/or given by you or any business entity under your control over the past five years.

12.    **Amounts Due**

All documents and records reflecting and/or relating to any sum or amount due, or to become due to you from another or others for whatever reason, whether contingent or otherwise, including but not limited to, indebtedness of any firm, person or corporation to you, and the right or possibility or participation by you in the estate of a deceased person (including, without limitation, as the beneficiary of any trust).

13.    **Trusts and Wills**

All documents and records reflecting and/or relating to any trust and/or will in which you have any interest whatsoever.

14.    **Marital/Divorce Documents**

All documents and records reflecting and/or relating to any pre- or post-marital agreement and/or separation agreement involving you, including agreements, court orders and/or decrees relating to any divorce proceeding(s) involving you.

15.    **Intellectual Property**

3

All documents and records reflecting or relating to any interest whatsoever that you have or had in any patents, copyrights, trademarks, service marks, intentions or royalty agreements from January 1, 2007 through the present.

16.     **Accounts Receivable**

All documents and records reflecting or relating to any accounts receivables and cash collections from January 1, 2007 through the present in which you have any interest whatsoever

**Miscellaneous**

17.     Safe deposit or lock boxes in which you have any relation or interest whatsoever including all safe deposit or lock boxes to which you have access;

18.     Stock dividends or distributions from any corporation, domestic or foreign, or any partnership, joint venture, trust or association or other such entity;

19.     Bonds, stock certificates, and/or commercial paper;

20.     Pension, retirement or employee savings funds or accounts including, but not limited by, or to, IRA's, Keough's or 401(K)'s;

21.     Annuities;

22.     Commercial stock, commodities and/or futures trading accounts in which you have any interest whatsoever;

23.     Club memberships;

24.     Federal Income Tax returns for the last five (5) years, including copies of all IRS forms submitted therewith, including, but not limited to, IRS 1099 and W-2 forms;

25.     State Income Tax returns for the last five (5) years;

26.     Federal and State Tax returns for any and all business entities, including limited liability companies, corporations, partnerships, limited partnerships and limited liability partnerships, in which you have or had an ownership interest for the last five (5) years;

27.     Assignments in which you have any interest or relation whatsoever whether as an assignor or assignee or other;

28.     Beneficial interests;

29.     Contingent interests or claims;

4

30. Inheritances;

31. Any and all lawsuits to which you are a party;

32. Any and all documents which reflect the cash surrender value of any insurance policy you own, have any interest in or have control over, either jointly or individually;

33. Security interests;

34. Notes or loan documents or other such debt instruments in which you have any interest or relation in whatsoever whether as a maker, lender, borrower, obligor, obligee, guarantor, or other either individually, jointly or severally;

35. Any and all leases, whether oral or in writing, in which you have any interest or relation whatsoever, whether as a landlord, lessor, tenant, lessee or other;

36. Claims, rights, entitlement or causes of action;

37. Any and all interest(s) whatsoever, including without limitation ownership or equity interests, whether joint, several, beneficial (i.e. through a trust), contingent, expectant or other, in any corporation, limited liability company, joint venture, partnership, firm, business association, business trust or other such entity that you have or had during the last 5 years;

38. Any partnership agreements, stockholder agreements, joint venture agreements, and/or membership agreements to which you are a party, whether individually, jointly, severally beneficially (i.e. through a trust), contingent, expectant or other;

39. Any and all interests whatsoever in any patents, copyrights, trademarks, service marks, intentions or royalty agreements;

40. Any and all real property, personal property, tangible property or intangible property located in any other foreign country or any territory of the United States;

41. Custodianships of any real property, personal property, tangible property or intangible property for, or on behalf of, any minor;

42. Any and all real property, personal property, tangible property or intangible property held by you for the benefit or others;

43. Any and all indebtedness and liabilities, contractual and otherwise, whether joint, several, contingent, beneficial, expectant or otherwise;

44. Any and all indebtedness owed to you (including non-privileged legal documents relating to the same); and

5

45.    The names and addresses of any all individuals with knowledge of the foregoing.

6

STATE OF ILLINOIS )
)SS
COUNTY OF WILL   )

### IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

U.S. Bank National Association
**Plaintiff**

vs

**Defendant**

CASE NO: ___ **13-CH-00212** ___

Michael H. Rose, et al.,

### INCOME AND ASSET FORM TO ANSWER A CITATION

**To Judgment Debtor:** Please complete this form and bring it with you to the hearing referenced in the enclosed citation notice. You should also bring to the hearing any documents you have to support the information you provide in this form, such as pay stubs and account statements. The information you provide will help the court determine whether you have any property or income that can be used to satisfy the judgment entered against you in this matter. The information you provide must be accurate to the best of your knowledge.

**IF YOU FAIL TO APPEAR AT THIS HEARING, YOU COULD BE HELD IN CONTEMPT OF COURT AND POSSIBLY ARRESTED.**

In answer to the citation and supplemental proceedings served upon the judgment debtor, he or she answers as follows:

Name: _____

Home Phone Number: _____

Home Address: _____

_____

Date of Birth: _____

Marital Status: _____

I have _____ dependants.

Do you have a job?   ❑ Yes   ❑ No

Company's name I work for: _____

Company's address: _____

_____

**Job:**

I earn $_____ per _____

If self employed, list here your business name and address: _____

_____

_____

Income from self employment is $_____ per year

I have the following benefits with my employer: _____

_____

_____

_____

_____

### PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY

**21D** (c-page 1) (Revised 09/12)

I do not have a job, but I support myself through:
Government Assistance: $_____ per month
Unemployment: $_____ per month
Social Security: $_____ per month
SSI: $_____ per month
Pension: $_____ per month
Other: _____
_____
_____

**Real Estate:**
Do you own any real estate?    ❏ Yes   ❏ No
I own real estate at _____
_____,
with names of other owners: _____
Additional real estate I own: _____
_____
I have a beneficial interest in a land trust. The name and address of the trustee is _____
_____
The beneficial interest is listed in my name and _____
_____
There is a mortgage on my real estate. State the mortgage company's name and address for each parcel of
real estate owned: _____
_____
An assignment of beneficial interest in the land trust was signed to secure a loan from _____
_____

I have the following accounts:
Checking account at _____
    account balance is $ _____
Savings account at _____
    account balance is $ _____
Money market or certificate of deposit at _____
Safe deposit box at _____
Other accounts (please identify): _____
_____

I own:
A vehicle (state year, make, model, and vin #): _____
_____
Other property described as: _____
Jewelry (please specify): _____
_____
Stocks/Bonds: _____
Electronics:
    Personal computer: _____
    DVD: _____
    Television:_____
    Other (please specify): _____
_____

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

**21D (c- page 2)** (Revised 09/12)

Appliances:
   Stove: _____

     Microwave: _____

Work tools: _____

_____

Business Equipment: _____

_____

Farm equipment: _____

_____


Other property (please specify) _____

_____

_____

<br/>

                                               _____
                                                  (Signature of Judgment Debtor)

Attorney or Party, if not represented by Attorney
Name _____
ARDC # _____
Firm Name _____
Attorney for _____
Address _____
City & Zip _____
Telephone _____

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

**21D (e-page 3)** (Revised 09/12)